Kenneth H. WALTERMYER, Plaintiff,

v.

ALUMINUM COMPANY OF AMERICA, Defendant.

Civ. A. No. 85–1876.

United States District Court, W.D. Pennsylvania.

Jan. 30, 1986.

William H. Berger, Covette Rooney, Office of the Solicitor, U.S. Dept. of Labor, Philadelphia, Pa., Anthony J. Mariani, Asst. U.S. Atty., Pittsburgh, Pa., for plaintiff.

Ralph W. Waechter, Russell W. Porter, Pittsburgh, Pa., for defendant.

## OPINION

GERALD J. WEBER, District Judge.

Lucius Quinctus Cincinnatus was a Roman of the early days of the Republic, from whence is drawn so many of the role models of classical education. He was a small farmer but he must have possessed some prior military experience because one day the Roman army got caught on a mountain by some enemy tribes and the Roman citizens came to Cincinnatus at his farm for help. Cincinnatus agreed, accepted the post of dictator, freed the besieged legion in a one day operation, returned to Rome for the usual parade and then went back to the farm. His friends advised him that he should avail himself of all the benefits of victorious Roman veterans, dictatorship for life, running for the senate or president, bonuses, and the like. But Cincinnatus refused them all and went back to his farm. For this he is remembered as the model citizen-soldier, and the officers of Washington's army refreshed his memory after the American Revolution.

Kenneth H. Waltermyer is a late 20th century model of the citizen soldier. He has been employed by Aluminum Company of America (ALCOA) since 1966. Since April 1972 he has been a member of the Pennsylvania Air National Guard.

Waltermyer is also a member of the Aluminum Brick & Glass Workers International Union which had a collective bargaining agreement with defendant employer covering terms and conditions of employment of employees, including Waltermyer.

During the course of employment Waltermyer several times sought and received leaves of absence from employment to fulfill his military obligations as a member of the Air National Guard as employer is required to give under 38 U.S.C. 2024(d). One such occasion was leave from May 18, 1984 until June 3, 1984. Another occasion was from July 3, 1982 until July 17, 1982. On both of these occasions Waltermyer had received orders to report for Active Duty for Training. He is paid by the Air National Guard for this duty.

Waltermyer brings this suit against ALCOA because it refuses to pay him holiday pay for Memorial Day, May 28, 1984 and for Independence day, July 4, 1982, both of which are recognized as paid holidays by the collective bargaining agreement. The pay claimed for these holidays is $112.66 and $102.04 respectively.

Both sides have moved for summary judgment on a stipulated set of facts. Briefs have been filed and there is clearly no genuine issue of material fact, and the matter is entirely a question of law.

Plaintiff's claim, which is pressed by government counsel from the Department of Labor and the U.S. Attorney, arises from their interpretation[1] of a statutory provision in the Vietnam Era Veteran's Readjustment Assistance Act of 1974, contained in 38 U.S.C. 2021(b)(3) that any employee of a private employer

> shall not be denied retention in employment or any promotion or other incident or advantage of employment because of any obligation as a member of a reserve component of the Armed Forces.

It is the plaintiff's position that a member of the reserve is to be treated the same as any other employee on any type of leave of absence with respect to any incident or advantage of employment.

1. We recognize that the citation to the U.S. Department of Labor's view, as set forth in its manual "Veteran's Employment Rights" is solely a reflection of the considered view of that department, and not an exercise of any statutory power of interpretation of the legislation; as such, its view is respected.

The collective bargaining agreement in effect here has a detailed litany of conditions for the payment of holiday pay for employees not working on the particular holiday. There is no question that plaintiff does not qualify under any of these conditions.

However, plaintiff points out that under the collective bargaining agreement certain employees on certain types of non-military leaves of absence receive holiday pay despite not being at work during the week in which the holiday falls, i.e. jury service, being on sick leave for more than one week.

In *Hanning v. Kaiser Aluminum,* 82 CCH Labor Case 10.070 (E.D.La.1977) the District Court in a similar case held the reservist entitled to holiday pay when other employees on other types of non-military leaves of absence received it:

> Defendant could easily have read a reservist on active duty as being *in para materia* with these other excused employees and eliminated this problem. p. 16.259

When the court deals in Latin legal precepts, it might also consider the application of *expressio unius, exclusio alterius* as a principle of statutory interpretation. The rights of all employees to holiday pay are spelled out in exquisite detail, but do not cover plaintiff. Nor do we find language in the statute that calls for the application of the *ejusdem generis* canon.

In *Kidder v. Eastern Air Lines, Inc.* 469 F.Supp. 1060 (S.D.Fla.1978) the district court approved the result in *Hanning* to the extent that it held that a claimed benefit of employment is an "incident or advantage of employment"; a reservist must be treated as if he had remained at work and must be accorded that benefit. It did not subscribe to the *in pari materia* argument of *Hanning,* holding the result would have been the same.

The *Kidder* court also cited *Monroe v. Standard Oil Co.,* 446 F.Supp. 616 (N.D. Ohio 1978), as another District Court case involving a claimed "incident or advantage of employment" which supported the reservist's claim.

However, *Monroe v. Standard Oil Co.* was appealed, and the United States Court of Appeals for the Sixth Circuit reversed the district court, 613 F.2d 641 and the Supreme Court affirmed at 452 U.S. 549, 101 S.Ct. 2510, 69 L.Ed.2d 226 (1981).

While the Court was not dealing with the precise problem that we deal with here, it devotes considerable time to the legislative history of the present Act and its predecessors, and reasons by analogy to similar treatments of veterans' claims under these acts. The Court held that there was nothing in the Act or its legislative history to indicate an intention to impose obligations on employers to provide special benefits to employees—reservists not available to other employees. (p. 561, 101 S.Ct. p. 2517). "The respondent did not deny the petitioner anything he would have received had he not been a reservist." (p. 565, 101 S.Ct. p. 2519).

The plaintiff in the present case is not denied a right which is granted to other employees in the same situation. In the very elaborate schedule of holiday pay benefits, only persons fitting certain distinct categories are granted holiday pay when they do not work. Plaintiff fits none of these categories.

The broad language of *Monroe v. Standard Oil Co.,* and the vigorous dissenting language of four Justices give rise to a spate of exegesis on the part of counsel comparable to the medieval schoolmen expanding on the scriptures. Plaintiff's argument in reasoning from analogy would confer a greater right upon the reservist than held by fellow employees. It would enlarge the obligation of the employer beyond the simple statutory command. We find that plaintiff has not suffered any discrimination by being denied any benefit to which other employees are entitled. Summary judgment will be entered for defendant.